UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEIL E. HAVLIK**<br>  *also known as Neal E. Havlik*<br>  **REG. # 24985-009** | : | **DOCKET NO. 2:19-cv-1018**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

# MEMORANDUM ORDER

Before the court is a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Neil E. Havlik, who is proceeding pro se and in forma pauperis in this matter. Havlik is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"), where the events giving rise to his claims occurred. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

## I.
### BACKGROUND

Havlik's complaint arises from an injury he sustained to his back while at FCIO, and the medical care he received thereafter. Havlik, who requires a cane to walk, alleges that on January 4, 2017, he was taken to the SHU with his hands handcuffed behind his back. Doc. 1. He was forced to go down stairs, at which time he sustained an injury to his back. *Id*. He alleges that since that incident, he has been denied medical care and pain medication. *Id*. He makes numerous allegations against prison staff in their official and individual capacities.

Havlik seeks recovery under *Bivens*. The statute of limitations for a *Bivens* action is borrowed from state law. *See Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Federal law determines when a *Bivens* cause of action accrues. *See United Klans of America v. McGovern*, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

According to the complaint, Havlik knew of the injury by February 2017, when the results of the x-ray taken one month after the incident revealed a compression fracture of his T-12 vertebra. *Doc*. 1, p. 13. Havlik had one year, or until February 2018, within which to file suit under *Bivens*. However, equitable tolling may apply to cases filed under *Bivens*, for the time spent properly exhausting BOP administrative remedies. *See Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002). Havlik has not shown that he has exhausted his administrative remedies with the BOP on each claim he brings in the instant suit.

Therefore, Havlik is instructed to amend his complaint to provide copies of all grievances and responses at each level to show that he is entitled to tolling of the prescriptive period.

He should be given the opportunity to remedy the deficiency by showing why his claims are not barred by the statute of limitations or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Havlik at his last address on file.

**IT IS ORDERED** that Havlik amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Havlik is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 8th day of October, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE