NOTICE FROM NEIL E. HAVLIK TO FILE MOTIONS, ANSWERS, RESPONSES, OR AMENDMENTS
IN THE U.S. WESTERN DISTRICT OF LOUISIANA

FROM NEIL HAVLIK  #24985009
FCI-1 OAKDALE
PO BOX 5000
OAKDALE,LA.71463

RECEIVED

NOV 05 2019

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

---

CASE NO  ; 2;19-CV-1018           2nd AMENDED COMPLAINT

71 pages printed ;  November 4, 2019

---

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

Neil E Havlik not also known as Neal Havlik as the          )          Docket No ; 2; 19-cv-1018
  morons at the BOP miss-spell it.

Versus                                                                     )          Judge James D. Cain, Jr.                    NOV 05 2019

Warden  Myers  ET AL                                           )          Magistrate Judge Kay

2nd   AMENDED COMPLAINT

Comes Now, plaintiff, Neil Havlik, pro-se, with his Amended Complaint in Response to this Court's Order [Doc.5],

to cure what this Court perceives to be deficiencies and to Amend the claims he is able to cure the Amendment as

follows ;

I
BACKGROUND

Havlik's Bivens law suit arises from several main events , some related to injury he sustained to NOT only his

back but also to his rotator cuff, which was torn in the same intentional premeditated physical abuse he not alleged to

have happened but was acknowledged by all of the named and unnamed individuals in this law suit as having taken

place ,in the SHU on 1/4/17.  He was cuffed with his hands behind his back, pushed towards the stairs, started to fall, ,
when 3 Correctional officers on hand, grabbed his upper arms and drug him down the stairs, as he was screaming in

agony, thus causing multiple compression fractures and a torn rotator cuff, ALL of which , injury/damage Oakdale

Health ,Services, ( the individuals named in this suit), repeatedly and continuously denied, (stating there is nothing

wrong), until the MRIs taken on 7/23/18, showed the torn rotator cuff.  Oakdale Health Services continued to deny

that Havlik sustained any injury/damage to his spine until he was finally allowed to see a neurosurgeon on 5/18/19.

Making these denials of spinal injury by fraudulently removing and withholding 15 critical medical records documents

from Havlik's medical records from both Havlik and this Court in Havlik's tort claim law suit.  He was denied medical

care at the time of the injurys and still is being denied medical care for said injuries 3 years later to this very day.

Oakdale Health Services staff are supposedly the expert medical personel and they have consistantly and repeatedly

denied Havlik has any thing wrong with his rotator cuff until 7/23/18, and his spine until 5/18/19.  Havliknot being a

trained medical technision, has/could not prove that he was injured until these dates, according to previous rulings by

both Judge Kay and Judge Cain.  See previous tort claim lawsuit, Motion to Strike and Motion to find in Contempt and

Motion for Preliminary Injunction.

Havlik's pain medications were halted on 7/18/17. in front of 17 witnesses , when he filed a grievance against

FNP Thomas, in retaliation for said grievance.  His pain medications are continued to be denied to him to this very day.

2nd AMENDED COMPLAINT

Havlik also claims both physical and psychological injury /damage for being denied the following ;

72. Medical care for his multiple compression fractures.

73. Medical care for his torn rotator cuff.

74. Pain medication for his multiple compression fractures.

75. Pain medication for his torn rotator cuff and for after the post-poned rotator cuff surgery.

76. For being put in the SHU in retaliation for filing a grievance.

77. For being denied all his heart and other medications each and every time he is placed in the SHU.

78. For being put in the SHU for a week for what FNP Thomas lied and claimed was to get an EGD .

79. For being repeatedly lied to and having his medical records fraudulently withheld from both his and this Court, in an attempt to perpetuate their lies and deceit of the true facts and actual injury/damage Havlik sustained and continues to suffer with to this day, with NO medical c are or pain medication.

80. His right to be free from retaliation for filing a grievances.

81. His rights to even file grievances.

82. Medical care for further and exasperated injury to his rotator cuff by being ordered to perform POST- SURGERY exorcizes, (against the Orthopedist's orders), by Oakdale Health Services Medical Director (Doctor Richard Griffin), in both his Official and individual capacities.

83. Denial of Medical care over the past 8 months by refusing to see him 6 times in a row for sick-call visits, yet charging him for the visits.

84. Being denied surgery to repair the Plaintiff's multiple compression fractures in a reasonable period of time, Since the neurosurgeon stated on 5/18/19, "that the spinal cord impingements are so severe that if the Plaintiff is not very careful [like when he is put in the SHU for no reason], or if the impingement should get ANY worse at all, the Plaintiff will be paralyzed from the neck down." That was 6 months ago and just like it took Oakdale Health Services 2 and a half years just to be allowed to see a neurosurgeon to get a diagnosis on 5/18/19, it is almost certain that the spinal surgery will not be scheduled for at least another year or two. On top of that the Plaintiff is supposed to have the fantasy surgery here at FCI-1 Oakdale , where it has been proven that according to the outside surgeons, the Plaintiff will NOT receive Any pain medication or physical therapy , both of which are critical and necessary for the Plaintiff's possible recovery.

85. denied to be seen the past 6 times he has gone to sick-call concerning a. loss of use of his fingers of his right hand, loss of ability to turn his head, both due to spinal cord impingement, according to the neurosurgeon.

3.

b. to be seen for the pneumonia he has had for the last 3 months.

c. Greatly increased level of pain in his whole right side.

d. Greatly increased pain in his rotator cuff.

86. Being denied surgery to repair the Plaintiff's multiple compression fractures in a reasonable period of time. Since the neurosurgeon stated on 5/18/19, that " the spinal cord is impinged so severely that if the Plaintiff is not very carful [like when he is put in the SHU for NO reason], or if the impingement should get ANY worse at all , the Plaintiff will be paralyzed from the neck down." That was 6 months ago and just like it took Oakdale Health Services 2 and a half years just to be allowed to get a diagnosis from a neurosurgeon on 5/18/19, it is almost certain that the spinal surgery will not be scheduled for at least another year or two. On top of that, the Plaintiff is supposed to have the surgery here at FCI-1 Oakdale , where it has already been proven that according to outside surgeons, the Plaintiff will NOT receive ANY pain medication or physical therapy , both of which are necessary for the Plaintiff's possible recovery.

87. Refusal to be seen the past 6 times he has gone to sick -call concerning.

a. loss of use of his fingers of his right hand and arm, loss of ability to turn his head, both due to spinal impingement according to the neurosurgeon on 5/18/19.

b. Refusal to be seen for the pneumonia he has had for the past 3 months.

c. Greatly increased level of pain in his whole right side.

d. Greatly increased level of pain in his rotator cuff.

85. Medical care and treatment  and surgery for his two severe painful hernias for the past 6 years.

86. Medical care and treatment for his psoriatic arthritis.

87. Medical care and treatment for his rheumatoid arthritis for the past 9 years.

88. Havlik went to sick-call on 10/28/19, about his spinal impingement having gotten worse, to the point where he can no longer turn his head and can no longer use his right hand and arm due to the spinal cord impingement is much worse on his right side , according to the neurosurgeon. Also he asked to be seen about the continued sinus infection or pneumonia that he had gone to sick-call several times before about and was never seen. this is the 7th time in a row, in the past 8 months,  that Havlik has gone to sick-call about these issues and told to watch the call-outs and he would be seen within a week. Yet he has NOT been seen , which is complete denial of medical care. Havlik's FNP Thomas is the person to make the decision as to whether to put Havlik on the call-out or not, she refuses to see him and Mrs. Howard and Mrs. Chano the Oakdale Health Services Administrators do such a lousy job of supervising their staff that they allow Thomas to get away with this. Total incompetence and "deliberate indifference".

89. They have refused Havlik treatment for his right knee that gives out on him quite often for the past 7 years.

90. They have been serving rotten butter and syrup in the dinning hall for the past year that has made Havlik sick multiple times and when they are notified about it , their response is "well then don't eat it." there is mold floating in the syrup and the plastic packets of margarine are rancid and smell rotten and not fit to be eaten.

II

Havlik seeks recovery under Bivens. The statute of limitations of one year has NOT run out, since the individuals in this lawsuit are continuing to deny him medical care , pain medication, to be seen at sick-calls, in retaliation, lie to him and this Court about his care, repeatedly put him back in the SHU for no valid reason , other than to cause him possible greater injury, and to cause him more physical and psychological distress as a means of retaliation for their " deliberate indifference", negligence, criminal negligence, unconstitutional retaliation for filing grievances against them, all of which is still going on to this very day.

Federal law determines when a Bivens cause of action accurse< NOT Judge Kay.  Under Federal law, a cause of action accurse when the Plaintiff KNOWS or has reason to know of the injury,  which is the basis of the action ;  both

(1) the existence of the injury ;, and

(2) the connection between the injury and the defendant's actions.  Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further.

Judge Kay bald-faced lies here in her statement that Havlik knew of the injury by February 2017, when the results of the x-ray taken one month after the incident revealed a compression fracture of his T-12 vertebra.  Havlik did NOT gain a copy of this x-ray until almost a year later, the Oakdale Health Services individuals in this suit fraudulently withheld or removed this x-ray document from Havlik's medical records and even after Havlik was accidentally given a copy of said x-ray, Oakdale Health Services (Chano), to this day has fraudulently withheld this along with 14 other critical documents showing the damage to Havlik's spine and rotator cuff from both him and this Court, in his tort claim suit that Havlik has filed concerning the physical abuse and ongoing to this day denial of medical care ,pain medication, perjury, fraud, "deliberate indifference", criminal negligence, and intentional unconstitutional retaliation.  All continuing to this day against Havlik by these criminals.

Havlik did not have the proof that he was severely injured until 5/18/19 when after 2 and a half years, of complaining, and filing grievances against Oakdale Health Services,   he was finally allowed to see a neurosurgeon.     who explained to him that the injury to his C-spine [which he has known nothing about, was for 2 and a half years told by Oakdale Health Services, that there was nothing wrong with him, ], had all 15 of the critical medical records documents which showed the severity of Havlik's injury, and for the entire past 3 years has been consistently told by Oakdale Health Services , that there is nothing wrong with him],  Since they are supposedly the professionals, and they say nothing is wrong ( while hiding the medical records from both him and this Court) , Havlik could/cannot file the law suit until 5/18/19, or a year from that date, when, contrary to Oakdale Health Services lies ), and telling both him and this Court, that there is nothing wrong with Havlik's spine.

Both Judge Kay and Judge Cain have ruled in Havlik's tort claim law suit case, that the x-ray showing the T-12 compression fracture ( along with 14 other critical medical record documents showing the truth of Havlik's injuries ), do not exist and are not proof or evidence that Oakdale Health Services (Chano), should be held in Contempt for fraud and perjury, for withholding these critical documents from Havlik's medical records, that they supplied to this Court, under oath of being true and complete.  Plus, the same is true about Havlik's Motion to Strike, again, these Judges ruled that when Havlik supplied this Court with these fraudulently withheld documents , which he was accidentally able to get, yet was lied to by Oakdale Health Services that they don't exist .  This Court ruled they were not proof or evidence.  Well, look, Judges, you can't have it both ways.  Before you and Judge Cain ruled they are not proof and now in this case you mysteriously, try to claim that they are proof.  Sorry, decide either one way or the other.

Judge Kay is correct about only ONE thing, that is that so far Havlik has not shown or supplied this Court with the proof that he has exhausted his Administrative Remedies [ the ones that he was allowed to], with the BOP on each claim. Enclosed are a few of the many Plaintiff's Attempts at exhausting his Administrative Remedy process.  [ the ones he was allowed to file ], yet there are many more which he attempted to file and was intentionally , against his Constitutional rights , not allowed to file  some and timed out on many others by his Counselor (Mrs. Smith) and Unit Mga. (Gastaway), by letting them sit on their desk for 1 to 3 months without entering them in their computer to get to the Warden's office.  Thus, Havlik lost many filings since inmates are only allowed 20 days from and incident to file a BP-9 grievance other wise they completely loose their right to file.  This is beyond Havlik's or any other inmate's ability to control.  We can only do our best to file our Administrative Remedies and if the Oakdale Counselors and Unit Mgr. refuse to file them or let them time out that is their fault , not ours and we cannot be refused to file a Bivens due to not exhausting our Administrative Remedies in these instances.

Since all of these complaints in the Plaintiff's Bivens suit are still ongoing and continue to this day and since according to previous rulings by this Court's Judges, the Plaintiff was told repeatedly by Oakdale Health Services staff that there was nothing wrong with his spine, until the 5/18/19 neurosurgeon actually provided unquestionable proof to the contrary. Havlik has a year from that date to file his Bivens suit concerning the Physical abuse in the SHU and since the Oakdale Health Services continues to deny him medical care ,treatment, surgery, pain medication, and other treatment for his other medical needs , to this day then there is no statute of limitations, as the same claims plus new ones still persist and are being committed and continued to be perpetuated against Havlik to this day.  Also , in the state of Louisiana, the Physical abuse of an elderly person and the Physical abuse of a disabled person are both 2 different serious criminal offences , each carries a 5 to 99 year sentence in this state and I am sure the individuals who assist in the covering up and aid of the 3 Correctional Officers who committed these offences are equally guilty and not subject to a one year statute of limitations. In Arkansas there in NO statute of limitations for a serious felony such as these.

Plaintiff adds this 2nd Amended Complaint to both his Original Complaint and his 1st Amended Complaint , which are the basis of this suit. and dismisses none of his Complaints in these Complaints , since all of these complaints are ongoing.

Date ; *Nov. 4, 2019*

Resoectfully Submitted
BY ;

Neil E Havlik #24985009
FCI-1 Oakdale
PO Box 5000
Oakdale, LA. 71463