UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

NEIL HAVLIK                                     CIVIL CASE NO. 2:19-CV-01018

VERSUS

UNITED STATES OF AMERICA          JUDGE JAMES D. CAIN, JR.
WARDEN ROD MYERS
THOMAS
ALEXANDER
JOHN DOE 1
JOHN DOE 2                                     MAGISTRATE JUDGE KAY
JOHN DOE 3

**************************************************************************

## PLAINTIFF'S SUPPLEMENTAL & AMENDING COMPLAINT 12.02.22

NOW INTO COURT comes Plaintiff NEIL HAVLIK, a person of the full age of majority, domiciled in Perry County, Arkansas, and hereby complains of the United States of America ("Defendant"), and would respectfully show the Court the following:

### I.    PLAINTIFF

A. Plaintiff NEIL HAVLIK who at the time of the relevant events was an inmate in the Federal Detention Center – Oakdale, within the jurisdiction of this court.

B. At the time of the wrongful and injurious conduct alleged herein, Plaintiff was a federal prisoner in the custody of the Department of Justice, Federal Bureau of Prisons, (DOJ-FBOP), confined at FCI Oakdale-1, with the mailing address set forth below.

C. Said federal prison is within the geographic boundaries of the US District Court for the Western District of Louisiana.

D. The acts and omissions complained of herein occurred primarily at Oakdale-1.

1

## II.    *BIVENS* ACTION – PROCEDURAL STATEMENT

A.  This civil action is brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

B.  The *Bivens* Defendants are listed below- Plaintiff does not presently know the full names and service instructions for these defendants but will seek leave to amend the Complaint so as to name each appropriate defendant after the completion of additional discovery.:

1.  WARDEN ROD MYERS, in his individual capacity; employed at FCI-1, Oakdale; P. O. Box 5000, Oakdale, LA 71463.

2.  DR. ALEXANDER, in his individual capacity; employed at FCI-1, PO Box 5000, Oakdale, LA 71463.

3.  NURSE THOMAS, in her/his individual capacity; employed at FCI-1, PO Box 5000, Oakdale, LA 71463.

4.  JOHN DOE 1- Correctional Officer, in his individual capacity; employed at FCI-1, PO Box 5000, Oakdale, LA 71463.

5.  JOHN DOE 2 – Correctional Officer, in his individual capacity; employed at FCI-1, PO Box 5000, Oakdale, LA 71463.

6.  JOHN DOE 3- Correctional Officer, in his individual capacity; employed at FCI-1, PO Box 5000, Oakdale, LA 71463.

C.  This Court has jurisdiction over the subject matter of this Complaint under the Fourth and Fifth Amendments to the United States Constitution and 28 U.S.C. § 1331 and 2201. 8. Venue is properly with this District under 28 U.S.C. § 1402(b) as the injurious conduct outlined below and the violations of Plaintiff's rights occurred in the Western District of Louisiana and the defendants' acts that are the subject of this Complaint occurred in this District.

### III.   FEDERAL TORT CLAIMS ACT – PROCEDURAL STATEMENT

A. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act."

B. The Federal Tort Claims Act Defendant is the United States of America: Federal Bureau of Prisons.

C. This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C. §1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act", and 39 U.S.C. §409(c) which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

D. The United States of America may be served with process in accordance with Rule 4(I) of the Federal Rules of Civil procedure by serving a copy of the Summons and of the Complaint on the United States Attorney Honorable Brandon Bonaparte Brown, United States Attorney for the Western District of Louisiana, 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on Attorney Merrick B. Garland, Attorney General of the United States by certified mail, return receipt requested, at the Attorney general's Office, 10th and Constitution Avenue, N.W., Washington, DC 20530, to the attention of the Civil Process Clerk.

E. Venue is proper in this district pursuant to 28 U.S.C §1391(e), and 28 U.S.C. §1402(b), as the United States is a Defendant and the Plaintiff was domiciled as an inmate in this district at the time of injury and the relevant events herein.  Further, venue is proper in this district

3

pursuant to 28 U.S.C. §1391(e), and §1402(b) as the United States is a Defendant and a substantial part of the events or omission giving rise to this claim occurred in this district.

F.  The Federal Bureau of Prisons is an agency of the United States of America.  The Federal Bureau of Prisons is an agent of the United States Department of Justice.  The United States of America, Defendant herein, through its agency, the Federal Bureau of Prisons, at all times material hereto, operated and controlled the Oakdale Federal Detention Center in Oakdale, Louisiana and staffed said facilities with its agents, servants, and/or employees.

G.  Plaintiffs plead pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency the Federal Bureau of Prisons.  Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

H.  There are no allegations of negligent medical treatment or negligent failure to treat alleged herein. All refusal of medical care, delay of medical care, and concealment of medical conditions outlined below was intentional, and therefore, not governed by the Louisiana Medical Malpractice Act. LSA- RS 40:1231.1 (13).

I.  Liability of the United States is predicated especially on Title 28 U.S.C §§1346(b)(1) and 2674 because the injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of the United States of America, while acting within the scope of their employment as correctional officers, case managers,  medical staff, and other positions within and/or under the control of the Federal Bureau of Prisons,- United States Department of Justice.   Under these circumstances, the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

4

J.  Each one of the persons who caused injury to Plaintiff were working or acting in the course and scope of their employment with, under the control of, and/or at the direction of the Defendant United States of America- Federal Bureau of Prisons. As such, the Defendant United States of America- Federal Bureau of Prisons is responsible for their negligence and intentional acts that caused wrongful harm to Plaintiff.

## IV.    STATEMENT OF FACTS AND DAMAGES

### A.  THE STAIRS

1. On 1/4/2017, Plaintiff was called to the compound's control office, known as the "key", where Plaintiff was informed that Plaintiff was to be placed in the SHU in relation to the outside medical examination scheduled for the next day.

2. On 1/5/2017, Plaintiff went to the SHU, where Plaintiff was stripped of his clothing and dressed in a jumpsuit.

3. Plaintiff was then directed to the stairs that led down to the lower level of the SHU.

4. Plaintiff was stopped near the stairs and one of the officers (John Doe-1) told Plaintiff to put his hands behind his back so Plaintiff could be handcuffed.

5. Plaintiff explained that he usually gets cuffed in the front so he can use his cane due to his medical conditions.

6. The officer grabbed Plaintiff's hands forcefully and pulled them behind Plaintiff and applied the handcuffs with unnecessary force.

7. One of the officers (John Doe) placed Plaintiff's cane in his hands behind his back and pushed Plaintiff toward the top step of the stairs.

8. Plaintiff stumbled forward and the officers (John Doe 1, 2, and 3) pulled Plaintiff upright by his arms, rotating Plaintiff 's arms upward behind his back.

9. Overextending Plaintiff's arms caused Plaintiff to lose his balance at the top of the stairs.

10. The officers pulled Plaintiff down the stairs, forcing Plaintiff forward by pulling his arms up even more, and forced Plaintiff down the stairs by overextending his handcuffed arms backward.

11. Plaintiff felt something pop and screamed in pain.

5

12. The officers ignored Plaintiff and finished dragging Plaintiff down the stairs by his arms.

13. Plaintiff was placed in a cell.

14. Plaintiff's cane was taken away and he was uncuffed.

## B.   CONCEALMENT AND REFUSAL OF MEDICAL CARE

1.  Plaintiff was not seen by any medical staff even though he reported serious injury.

2.  In fact, these willful and intentional actions tore Plaintiff's rotator cuff and broke his back in at least two places, among other injuries.

3.  Plaintiff suffered a compression fracture of his T-12 vertebra and a torn right shoulder rotator cuff.

4.  Plaintiff was seen by FNP Thomas 4 days later after making a sick-call visit the day after he sustained the injury.

5.  FNP Tomas didn't schedule x-rays until 3 weeks later.

6.  Although concealed from Plaintiff, on 2/15/17, Plaintiff was given a chest x-ray which showed the compression fracture of his T-12 vertebra.

7.  Plaintiff again saw FNP Thomas in early March of 2017 and again told her about his back and shoulder pain and asked her what the February x-ray showed. She falsely indicated there was NO February x-ray in Plaintiff's file.

8.  Plaintiff continued to make sick-call visits, 2 per month, after that, reporting that his back and shoulder pain was getting steadily worse with no response.

9.  Plaintiff's medical care was intentionally delayed, including but not limited to, the fact that he was not allowed to see the Orthopedist until 10 months after the physical abuse he sustained in the SHU on 1/5/17, even though Oakdale medical was aware of his 2/15/17 x-ray showing a compression fracture of his T-12 vertebra.

10. Plaintiff saw the Orthopedist in Leesville for a consult in October of 2017, and her diagnosis was a compression fracture of the T-12 vertebra and a torn right shoulder rotator cuff.

11. DOJ-FBOP personnel neglected to use a lift or other device suitable to provide safe movement for an individual of Plaintiff's medical condition.

12. Plaintiff has suffered chronic back pain as a result of this incident.

13. Since this incident Plaintiff's breathing also often causes sharp pain. Plaintiff must be very careful with his breathing just to breathe without sharp pain.

14. Since the incident, Plaintiff cannot sleep on his back, or lie on his back to rest, because that causes pain.

15. Plaintiff requested suitable accommodations for his back, such as a suitable mattress, whether at government expense or at his own expense.

16. Plaintiff was denied a reasonable mattress or pillow, consistent with his medical condition.

17. Plaintiff sustained loss of personal property ( funds from his commissary account), by FCI-1 Oakdale-1 as medical staff consistently and regularly charged Plaintiff and other inmates Co-Pay fees for chronic - care issues, sick-call visits to renew existing doctor prescribed medications, and sick-call fees for visits concerning issues that the inmate had been seen for previously but was not treated for.

18. Charging illegal Co-Pay fees violates federal law, amounts to a cruel and unusual punishment, and is an illegal denial of medical care.

19. Dr. Alexander and FNP Thomas knew about Plaintiff's serious medical needs as they had been treating him for 5 years.

20. On 7/18/17, Plaintiff was waiting in the Oakdale medical waiting room for an appointment with FNP Thomas, Dr. Alexander came out of his office and walked up to the Plaintiff Havlik in the waiting room, and asked Plaintiff if he had filed a grievance against FNP Thomas. Plaintiff Havlik responded in the affirmative and Dr. Alexander said, "I am going to cut off all your pain medications for doing that", which he did.

21. Warden Meyers is responsible for the injuries and damages to Plaintiffs because: (1) he condoned the wrongful behavior of his subordinates, (2) he failed to take reasonable action to prevent further harm to Plaintiff after being presented with ample proof and grievances, (3) he failed to establish and enforce sufficient rules for the protection of inmates and the protection of inmates civil rights, (4) he failed to properly hire and train correctional officers and medical staff, and (5) he failed to ensure Plaintiff received proper medical care.

## C.   WILLFUL AND NEGLIGENT CONDUCT

The following negligent and willful conduct of the Defendants, acting individually and in concert, caused Plaintiff's injuries and damages:

7

i. Intentional and negligent infliction of physical injury;

ii. Physical abuse of an elderly and disabled inmate;

iii. Refusal of medication;

iv. Refusal of medical care;

v. Intentional delay of medical care;

vi. Failing to train and supervise employees;

vii. Negligent screening and hiring off employees;

viii. Violation of Plaintiff's constitutional rights, under the Constitution of the United States of America;

ix. Violation of Plaintiff's constitutional rights, under the Constitution of Louisiana;

x. Violation of Plaintiff's rights under Louisiana law;

xi. Violation of Plaintiff's rights under Federal law;

xii. Deliberate indifference;

xiii. Cruel and unusual punishment, including but not limited to a violation of the Eighth Amendment to the Constitution of the United States of America;

xiv. Unjustified and illegal retaliation.

## D. DAMAGES

As a proximate result of the defendant's negligent acts or omissions, Plaintiff Neil Havlik hereby pleads for all damages available under Louisiana state law, federal law, and equity including but not limited to:

i. Pain and suffering, past and future;

ii. Loss of enjoyment of life, past and future;

   iii.    Emotional distress, past and future;

   iv.    Financial loss while imprisoned;

   v.    Medical expenses, past and future;

   vi.    Traumatic violation of civil rights;

   vii.    Punitive damages;

   viii.    Attorney fees;

   ix.    Cost and expenses;

   x.    Interest, past and future.

## **PRAYER**

Plaintiff requests that Defendants be cited in terms of law to appear and answer herein; that Plaintiff have judgment against Defendants, for the amount of actual damages, punitive damages, attorney fees, and all other damages under applicable federal and state law to which he is entitled; for post judgment interest at the applicable legal rate; for all recoverable Court costs incurred in this litigation; and for such other and further relief, to which Plaintiff may show himself entitled.

Respectfully submitted,


*/s/ Aaron Broussard*
AARON BROUSSARD
BROUSSARD + WILLIAMSON
1301 COMMON STREET
LAKE CHARLES, LA  70601
PHONE:  337-439-2450
FAX: 337-439-3450
EMAIL:  aaron@broussardwilliamson.com
*Attorney for Plaintiff*


*/s/ Adam Johnson*
ADAM JOHNSON
THE JOHNSON FIRM
1400 RYAN STREET
P. O. BOX 849
LAKE CHARLES, LA  70602
PHONE:  337-433-1414
FAX:   337-433-3234
EMAIL: adam@johnsonfirmla.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has this date been filed

electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent

to all counsel of record by operation of the Court's electronic filing system. A copy has also been

forwarded to all counsel of record by placing same in the United States mail, postage prepaid and

properly addressed, and/or facsimile or email transmission, to:

Edwin Henry Byrd, IV
Assistant U.S. Attorney
300 Fannin Street, Suite 3201
Shreveport, LA  71101
edwin.byrd@usdoj.gov

Lake Charles, Louisiana, on this 2nd day of December, 2022.

*/s/ Aaron Broussard*
AARON BROUSSARD

11