UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEIL E. HAVLIK** | : | **CIVIL ACTION NO. 2:19-cv-01018** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ROD MYERS ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is a Motion to Stay Discovery filed by defendants Warden Rod Myers, Dr. Joel Alexandre, Nurse Mary Thomas, and correctional officers Joel Broussard, Brandon Fontenot, and Jude LeDoux (the "Individual Defendants"). Doc. 142. Plaintiff Neil Havlik has responded [doc. 145], and the Individual Defendants have replied [doc. 146], making the motion ripe for resolution. For reasons set forth below, the motion is **DENIED AS MOOT**.

This lawsuit is a civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against each of the Individual Defendants in their individual capacities. Doc. 92, p. 2. Plaintiff also alleges claims against the United States of America under Title 28 U.S.C. §§2671-2680, commonly referred to as the Federal Tort Claims Act ("FTCA"). *Id.* at p. 3. On May 31, 2024, the Individual Defendants filed a Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment. Doc. 127. In that motion, the Individual Defendants allege that Plaintiff failed to exhaust his administrative remedies for all but one of the *Bivens* claims, that Plaintiff nonetheless failed to state a *Bivens* claim against any of the Individual Defendants, and that qualified immunity bars the claims brought against them in this matter. *Id.* at att. 1, p. 1.

On August 2, 2024, this court ordered the Motion to Dismiss [doc. 127] to be stayed for 90 days to allow proper discovery of the facts underlying Plaintiff's claims for improper medical care. Doc. 138.  The Individual Defendants subsequently filed the instant Motion to Stay Discovery. Doc. 142.  The basis for this motion is the Individual Defendants' assertion that they should be shielded from the burdens of discovery until the disposition of their Motion to Dismiss [doc. 127]. Doc. 142, att. 1, p. 1.  Plaintiff filed a response, arguing that discovery should not be stayed because the court stayed the Motion to Dismiss [doc. 138] to permit proper discovery. Doc. 145, p. 1.  The Individual Defendants replied, arguing that the court ordered proper discovery regarding the improper medical care claim only, which has since been conducted. Doc. 146, pp. 4-5.

On January 8, 2025, the court granted the Individual Defendants' Motion to Dismiss [doc. 127], dismissing without prejudice for failure to exhaust administrative remedies Plaintiff's *Bivens* claims against the Individual Defendants, except the improper medical care claim, dismissing all of Plaintiff's *Bivens* claims against the Individual Defendants in their individual capacities with prejudice for failing to state a claim, and dismissing the Individual Defendants in their individual capacities with prejudice because they are entitled to qualified immunity. Doc. 151, p. 25. Accordingly, in light of the court's order on the Individual Defendants' Motion to Dismiss [doc. 127], the instant Motion to Stay Discovery [doc. 142] is **DENIED AS MOOT**.

SO ORDERED at Lake Charles, Louisiana, this 29th day of September, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE